# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMER KARAWI,

    Defendant.

Case No. CR04-398RSL

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

This matter comes before the Court on defendant's "Motion for Early Termination of Supervised Release." Dkt. # 245. The Court has considered the parties' memoranda and the remainder of the record. For the following reasons, the motion is DENIED.

On October 7, 2005, defendant was sentenced to 144 months' imprisonment and three years of supervised release. During the time defendant spent in custody, he completed a number of vocational courses and obtained several training certificates as a result. Since his February 2017 release, he has continued to undertake training and has begun work installing communication and technology systems. He also appears to have engaged with his family and taken a role in supporting his elderly father. The government opposes defendant's motion due to his limited but serious criminal history, which includes a conviction for second-degree assault unrelated to this conviction.

Under 18 U.S.C. § 3583(e), the Court may, after considering a subset of sentencing factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release after at least one

ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 1

year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When deciding whether to grant a request for early termination of supervised release, the Court "enjoys discretion to consider a wide range of circumstances." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

The Court applauds defendant's progress during his first year of supervised release, but the Court ultimately considers this request premature. Defendant's educational accomplishments while in custody, his reintegration into the community since release, and his commitment to working and supporting his family are all praiseworthy. The Court invites defendant to renew his request for termination in February 2019 when he will have completed two years of supervised release. For the foregoing reasons, the motion, Dkt. # 245, is DENIED.

DATED this 31st day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 2